**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 09-CV-01307-JLK-DLW**

**MONTEZUMA VALLEY IRRIGATION COMPANY,**
**a Colorado non-profit corporation,**

**Plaintiff,**

**vs.**

**DOLORES WATER CONSERVANCY DISTRICT, A COLORADO SPECIAL DISTRICT
AND SUBDIVISION OF THE STATE OF COLORADO, and
THE UNITED STATES OF AMERICA, acting through the Department of Interior's Bureau
of Reclamation,**

**Defendants.**

**ORDER RE: MOTION TO INTERVENE BY INTERESTED PARTY,
UTE MOUNTAIN UTE TRIBE [DOC. #6]**

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

The Motion to Intervene was referred to the Magistrate Judge on August 17, 2009 by Judge John L. Kane.

The Ute Mountain Ute Tribe filed its Motion to Intervene [Doc. #6] in the above captioned case pursuant to F.R.C.P. 24 (a) and (b).

The Tenth Circuit has set for the following standards for intervention as a matter of right under Rule 24 (a):

> [a]n applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties. *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.,* 407 F.3d 1091,1103 (10th Cir.2005).

The Colorado federal district court has set the following standard for permissive intervention. F.R.C.P. 24 (b) provides that, on timely motion, the court may permit intervention to anyone who has a claim or defense that shares with the main action a common question of law or fact. The decision whether or not to grant a motion for permissive intervention is within the district court's sound discretion.....In deciding whether permissive intervention is warranted once the threshold requirement of a common question of law or fact is satisfied, courts may consider such factors as: "(1) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights; (2) whether the would-be intervener's input adds value to the existing litigation; (3) whether the petitioner's interests are adequately represented by the existing parties; and (4) the availability of an adequate remedy in another action." *Unites States v. N. Colo. Water Conservancy District.,* 251 F.R.D. 590 (D. Colo. 2008).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The request by the Ute Mountain Ute Tribe to intervene was filed before the Defendants had responded to the Plaintiff's Complaint, therefore the requested intervention is timely.

2. The Ute Mountain Ute Tribe is the largest individual water contractor/participant in the Dolores Project and shares with the Plaintiff the right to use and duty to maintain 24 miles of the Towaoc-Highline Canal. The Tribe's allocation of water is subject to a sharing of shortages with

other Project participants.  The Ute Mountain Ute Tribe has an interest in the subject matter and its interest raises common questions of law set forth in Plaintiff's Complaint.

3.  To the extent the Plaintiff seeks to alter the Project's operation, the Ute Mountain Ute's Project water rights might be impaired, and therefore, the Tribe's presence in this litigation will contribute to the Court's resolution of this dispute.

4.  The Defendant, Department of Interior and Bureau of Reclamation, are owners of the Dolores Project and the Defendant, Dolores Water District, which controls the Project's operation and maintenance, each have responsibilities which serve the broader interests of the Dolores Project. The Ute Mountain Ute Tribe has a narrower interest that cannot be adequately represented by the Defendants, therefore:

**IT IS HEREBY ORDERED,** that the Ute Mountain Ute Tribe's Motion to Intervene [Doc. #6] be **GRANTED** pursuant to F.R.C.P. 24(b).

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: August 26, 2009.**

                                                                          **BY THE COURT:**

                    **s/David L. West**
                    **United States Magistrate Judge**