**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 09-CV-01307-JLK-DLW**

**MONTEZUMA VALLEY IRRIGATION COMPANY,
a Colorado non-profit corporation,**

**Plaintiff,**

**vs.**

**DOLORES WATER CONSERVANCY DISTRICT, A COLORADO SPECIAL DISTRICT
AND SUBDIVISION OF THE STATE OF COLORADO, and
THE UNITED STATES OF AMERICA, acting through the Department of Interior's Bureau
of Reclamation,**

**Defendants,**

**UTE MOUNTAIN UTE TRIBE,**

**Intervenor Defendant.**

## ORDER OF SANCTIONS

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

### BACKGROUND

The Plaintiff, Montezuma Valley Irrigation Company, filed the Complaint in this matter through their attorneys Kelly R. McCabe and Sherman and Howard on June 4, 2009 to which the Defendant, Dolores Water Conservancy District filed an Answer and Counterclaims on August 19, 2009. The Defendant, United States Department of Interior, filed a Motion to Dismiss on August 18, 2009. The Ute Mountain Ute Indian Tribe intervened on August 26, 2009. Settlement conferences were conducted in Cortez, Colorado on September 2, 2009 and in Durango, Colorado

on September 17, 2009. On September 28, 2009 Sherman and Howard, attorneys for the Plaintiff withdrew from the case. Attorneys Kent Holsinger and Laura Chartrand entered their appearance for the Plaintiff on September 29, 2009, but did not attend the Settlement Conferences in Cortez on October 1, 2009 and October 22, 2009. The Court issued an Order on October 15, 2009 that the Plaintiff was to bring its hydrology expert, Mike Applegate, to the October 22, 2009 Settlement Conference as was Defendant Dolores Water Conservancy District to bring their expert, Steve Harris, pursuant to approval of the parties. Mike Applegate did not attend the October 22, 2009 Settlement Conference, nor did Plaintiff request that Applegate not have to appear. Steve Harris did appear. Attorneys for Plaintiff, Kent Holsinger and Laura Chartrand, also did not attend the October 22, 2009 Settlement Conference, nor did they request to be excused.

At the October 22, 2009 Settlement Conference the Court informed Plaintiff that it would set a sanctions hearing at a later date, since the proceedings were not on the record, as the conference occurred in a meeting room of a restaurant in Cortez. Nevertheless, significant progress occurred at the October 22, 2009 Settlement Conference with the Court and the parties anticipating a written agreement at the next Settlement Conference on December 17, 2009.

On December 9, 2009, attorneys for the Plaintiff, Chartrand and Holsinger, filed a Motion to Continue the December 17, 2009 Settlement Conference because "the Plaintiff requires additional time to conduct settlement negotiations so that it may adequately consider the analysis of legal issues and hydrology issues raised by settlement discussions. The issues related to the hydrology considerations require involvement of Plaintiff's water engineers and consultants." Plaintiff's consultant is the same consultant, Mike Applegate, that did not appear at the October 22, 2009 Settlement Conference, contrary to the Court's Order. On December 14, 2009 Kelly McCabe filed

a Motion to Withdraw as attorney for the Plaintiff.

On December 14, 2009 a conference call was conducted with counsel to consider Plaintiff's Motion to Continue the December 17, 2009 Settlement Conference. The parties thought, under the circumstances, that the conference should be continued, which the Court so ordered. The Court set the sanctions issue for December 17, 2009.

On December 17, 2009, the court imposed sanctions on the Plaintiff for failing to have Applegate present at the October 22, 2009 Settlement Conference, but did not set an amount at that time.

## **FINDINGS**

The Plaintiff requested a continuance of the December 17, 2009 Settlement Conference because attorneys Holsinger and Chartrand did not attend the October 1, 2009 and October 22, 2009 Settlement Conference, nor did Plaintiff's expert, Mike Applegate, attend the October 22, 2009 Settlement Conference and they needed more time to consider the possible settlement. The Court found on December 17, 2009, that Plaintiff had wasted the Defendant's and the Court's time.

Pursuant to Rule 16(f)(c) of the Federal Rules of Civil Procedure, the Court finds that a monetary sanction of $100.00 should be imposed against the Plaintiff, Montezuma Valley Irrigation Company, for non-compliance with the Court's Order of October 15, 2009 which required the appearance of Mike Applegate, expert for the Plaintiff, at the October 22, 2009 Settlement Conference. Plaintiff's deliberate action caused an unnecessary delay and inconvenience to the parties. The monetary sanction shall be paid by March 1, 2010 to the Defendant, Dolores Water Conservancy District, to defray, in part, the cost of their expert, Steve Harris, who did appear at the October 22, 2009 Settlement Conference.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: January 27, 2010.**

                                                  **BY THE COURT:**

                                                  **s/David L. West**
                                                  **United States Magistrate Judge**