**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 09-CV-01307-JLK-DLW**

**MONTEZUMA VALLEY IRRIGATION COMPANY,**
**a Colorado non-profit corporation,**

**Plaintiff,**

**vs.**

**DOLORES WATER CONSERVANCY DISTRICT, A COLORADO SPECIAL DISTRICT
AND SUBDIVISION OF THE STATE OF COLORADO, and
THE UNITED STATES OF AMERICA, acting through the Department of Interior's Bureau
of Reclamation,**

**Defendants,**

**UTE MOUNTAIN UTE TRIBE,**

**Intervenor Defendant.**

---

**ORDER RE: PLAINTIFF'S MOTION TO DISQUALIFY [DOC. #53]**

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Plaintiff, Montezuma Valley Irrigation, by attorneys Kelly R. McCabe and Sherman & Howard filed its Complaint in this matter on June 4, 2009 to which the Defendant, Dolores Water Conservancy District, filed an Answer and Counterclaims on August 19, 2009. Defendant, United States Department of Interior, filed a Motion to Dismiss on August 18, 2009. The Ute Mountain Ute Indian Tribe intervened on August 26, 2009. Settlement Conferences were conducted in Cortez, Colorado on September 2, 2009 and in Durango, Colorado on September 17, 2009. On September 28, 2009, Sherman & Howard, attorneys for the Plaintiff withdrew. Attorneys Kent Holsinger and

Laura Chartrand entered their appearance for the Plaintiff on September 29, 2009, but did not attend the Settlement Conferences in Cortez on October 1, 2009 and October 22, 2009. The Court issued an Order on October 15, 2009 that the Plaintiff was to bring its hydrology expert, Mike Applegate, to the October 22, 2009 Settlement Conference as was Defendant, Dolores Water Conservancy District to bring their expert, Steve Harris, pursuant to approval of the parties. Mike Applegate did not attend the October 22, 2009 Settlement Conference, nor did Plaintiff request that Applegate not have to appear. Steve Harris did appear. Attorneys for the Plaintiff, Kent Holsinger and Laura Chartrand, also did not attend the October 22, 2009 Settlement Conference, nor did they request to be excused. Plaintiff was represented on October 22, 2009 by Kelly R. McCabe.

At the October 22, 2009 Settlement Conference, the Court informed the Plaintiff that it would set a sanctions hearing at a later date, since the proceedings were not on the record, as the conference occurred in a meeting room of a restaurant in Cortez. Nevertheless, significant progress occurred at the October 22, 2009 Settlement Conference with the court and the parties anticipating a written agreement at the next Settlement Conference on December 17, 2009.

On December 9, 2009, attorneys for Plaintiff, Holsinger and Chartrand, filed a Motion to Continue the December 17, 2009 Settlement Conference because

> "the Plaintiff requires additional time to conduct settlement negotiations so that it may adequately consider the analysis of legal issues and hydrology issues raised by settlement discussions. The issues related to the hydrology considerations require the involvement of Plaintiff's water engineers and consultants.

Plaintiff's consultant is the same consultant, Mike Applegate, that did not appear at the October 22, 2009 Settlement Conference, contrary to Court Order. Kelly R. McCabe filed a Motion to Withdraw as Plaintiff's attorney on December 14, 2009.

On December 14, 2009 a conference call was conducted with counsel to consider Plaintiff's Motion to Continue the December 17, 2009 Settlement Conference. The parties thought, under the circumstances, that the conference should be continued, which the Court so ordered. The Court set the sanctions issue in place of the Settlement Conference on December 17, 2009.

On December 17, 2009 the Court imposed sanctions on the Plaintiff for failing to have Applegate present at the October 22, 2009 Settlement Conference, but did not set an amount at that time. During the December 17, 2009 hearing there is no question the Court was upset by the conduct of the Plaintiff for causing unnecessary delay.

### **FINDINGS**

28 U.S.C. §455 requires a judge to recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." Bryce v. Episcopal Church in Diocese of Colorado, 289 F. 3d. 648, 659 (10th Cir. 2002) (quoting Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Judicial rulings alone almost never constitute a basis for a disqualification motion. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). A judge's decision exhibits bias when "they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

In this case the Court has had no previous contact or relationship with the Plaintiff or Defendants in this case and the sole allegation of impartiality is based on the Court's reaction to Plaintiff's decision to ignore the Court's October 15, 2009 Order to have its expert present at the October 22, 2009 Settlement Conference, and then to have Plaintiff continue the December 17, 2009 Settlement Conference so the same expert could review the proposed settlement.

The Court does not believe that the Plaintiff has shown the Court to be biased per 28 U.S.C.

§ 455, nor does such bias exist, in spite of being upset by the conduct of the Plaintiff.

A significant part of the job of a Magistrate, in civil cases, in the District of Colorado is to thoroughly and fairly explore with the litigants the possibility of settlement. Successful settlement conferences require the good faith participation of the parties and the Magistrate, and if one of the parties correctly or incorrectly feels the Magistrate is biased, then good faith participation in a settlement conference is difficult, and settlement remote. This case was close to a resolution, and all of the litigants deserve the best opportunity to resolve their differences in a future settlement conference. As a result the Court finds that it is in the best interests of justice, that it should recuse itself from this case and recommends another Magistrate be drawn from the Western Slope so as to accommodate the parties.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**DATED: January 29, 2010.**

                                      **BY THE COURT:**

                    **s/David L. West**
                    **United States Magistrate Judge**